# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, | |
| Plaintiff-Appellee, | |
| v. | Nos. 23-2176 & 23-2284 |
| MEDICAL STAFFING OF AMERICA, LLC, et al. | |
| Defendants-Appellants | |

## CONSENT MOTION TO EXCEED BRIEF LENGTH LIMITATIONS

Appellants, Medical Staffing of America, LLC d/b/a Steadfast Medical Staffing, and Lisa Ann Pitts (collectively, "Steadfast") respectfully moves this Court under Federal Rules of Appellate Procedure 32(a)(7) and Local Rule 32(b) for permission to exceed the brief length limitations as follows: 650 additional words for Steadfast's Opening Brief, 975 additional words for the Acting Secretary of Labor's Response Brief, and 325 additional words for Steadfast's Reply Brief. Counsel for Steadfast has conferred with counsel for the Acting Secretary, who stated that the Acting Secretary consents to the requested additional words.

In support of this motion, counsel for Steadfast states the following:

1. This appeal concerns a labor classification dispute under the Fair Labor Standards Act ("FLSA") that resulted in a seven-day bench trial, featuring more than

30 witnesses, in August and September 2021. On January 14, 2022, the district court issued a memorandum opinion and order in which it found that Steadfast had misclassified more than 1,000 nurses working at dozens of healthcare facilities over a seven-year period. The district court's January 14, 2022 opinion and order also enjoined Steadfast from violating the FLSA.

2. The district court's January 14, 2022 opinion and order did not fully resolve the amount of backpay and liquidated damages allegedly owed by Steadfast, instead calling for the production of additional records by Steadfast, to facilitate at an updated backpay computation by DOL that would encompass the period from June 28, 2021 through January 2022. Steadfast nonetheless appealed the January 14, 2022 order to this Court, invoking the Court's appellate jurisdiction over interlocutory orders pertaining to injunctions pursuant to 28 U.S.C. § 1292(a)(1).

3. Contested motions practice relating to backpay continued in the district court while Steadfast's initial appeal was pending. On May 31, 2023, this Court issued an unpublished decision, vacating the district court's injunction for failure to comply with the specificity and particularity requirements of Federal Rule of Civil Procedure 65(d), and remanding for further proceedings. *See Su v. Med. Staffing of Am., LLC*, No. 22-1290, 2023 WL 3735221 (4th Cir. May 31, 2023).

4. On September 7, 2023, the district court issued a memorandum opinion and order that re-imposed a permanent injunction on Steadfast, pursuant to the

district court's earlier January 2022 memorandum opinion and order in which it had ruled against Steadfast and in favor of DOL on the FLSA worker classification issue. Several motions relating to disputed backpay remained unresolved, and on November 3, 2023, Steadfast appealed the district court's September 7, 2023 injunction order, again invoking this Court's interlocutory appellate jurisdiction over orders pertaining to injunctions under 28 U.S.C. § 1292(a)(1).

5. The district court resolved the various open backpay motions in November and December, and on December 11, 2023, the district court entered a final judgment against Steadfast for backpay and liquidated damages, in the amount of $9,346,663.23. On that same day, Steadfast filed a notice of appeal in relation to the district court's December 11 final judgment.

6. On December 13, 2023, this Court consolidated the November 3 and December 11 appeals initiated by Steadfast, and reset the briefing schedule.

7. The briefing in this consolidated appeal must now address the district court's January 2022 FLSA classification opinion arising from the aforementioned seven-day, 30-witness bench trial that took place in 2021. The classification dispute between Steadfast and DOL is to be evaluated under a six-factor, totality of the circumstances test that focuses on the "economic reality" of the working relationship between Steadfast and the nurses who served Steadfast's healthcare facility clients. *See McFeeley v. Jackson St. Ent., LLC*, 825 F.3d 235, 241 (4th Cir. 2016).

8. The consolidated appeal must also address Steadfast's good-faith defense to liquidated damages, and the district court's December 11, 2023 backpay and liquidated damages award. The backpay computation was the subject of no fewer than three fully-briefed motions between March 2022 and October 2023 (one filed by Steadfast, and two by DOL). These motions encompassed roughly 100 pages of briefing, along with a significant number of exhibits and a 247-page supplemental backpay computation table filed by DOL with the district court on March 11, 2022.

9. Given the nature and scope of the proceedings below, the six-factor test that governs the FLSA classification analysis, and the disputed backpay computation issues that are now to be addressed as part of the consolidated appeal, Steadfast respectfully seeks a limited increase of 650 words for its opening brief and corresponding proportionate increases of 975 words for the DOL's response brief, and 325 additional words for Steadfast's reply brief.

10. This modification to the word count, if allowed, would greatly aid the parties in their effort accurately to summarize the trial proceedings and witness testimony at an appropriate level of detail, in a manner that will still incentivize concise discussion of the issues on appeal, while avoiding an artificially limited approach that forces the Court to devote excessive time to cross-referencing the underlying trial transcripts and record materials in the course of reviewing and evaluating the parties' appellate briefs.

4

11. Accordingly, Steadfast respectfully requests permission to file briefs that exceed the length limitations of Federal Rules of Appellate Procedure 32(a)(7) and Local Rule 32(b) as follows: 650 additional words for Steadfast's Opening Brief, 975 additional words for the Acting Secretary of Labor's Response Brief, and 325 additional words for Steadfast's Reply Brief.

12. As noted, counsel for Steadfast has conferred with counsel for the Acting Secretary, who stated that the Acting Secretary consents to the requested additional words.

In light of the foregoing, Steadfast respectfully submits that it has shown good cause for the requested additional brief length, and respectfully requests that this Court grant this Motion.

FILED: January 18, 2024

Respectfully submitted,

/s/ Abram J. Pafford
Abram J. Pafford
MCGUIREWOODS LLP
888 16th Street NW
Suite 500
Washington, D.C. 20006

*Counsel for Defendants-Appellants Medical Staffing of America, LLC and Lisa Ann Pitts*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because the motion contains 941 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point size Times New Roman font.

*/s/ Abram J. Pafford*
Abram J. Pafford

## CERTIFICATE OF SERVICE

I certify that, on January 18, 2024, I electronically filed the foregoing Consent Motion to Exceed Brief Length Limitations with the Clerk of Court for the United States Court of Appeals for the Fourth Circuit using the CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ Abram J. Pafford
Abram J. Pafford
